OLIVER, Presiding Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated by and between counsel for the respective parties hereto, subject to the approval of the court, that the facts and circumstances relating to the item of 10 per centum commission in the case listed in the annexed schedule, identified on the invoice with "xx" in green ink and the initials T. A. McC. of Examiner Timothy A. McCarthy, are in all material respects the same as the facts and circumstances relating to the item of 10 per centum commission specified in the invoices relating to glass tree ornaments, novelties, and figures covered by reappraisements 113038–A, 113040–A, and 113468–A of the F. W. Woolworth Co. and passed upon by the United States Court of Customs and Patent Appeals in *United States* v. *S. S. Kresge Co., B. Shackman & Co., Rice & Co. Corp., Strauss-Eckardt Co., Inc., F. W. Woolworth Co.*, 26 C. C. P. A. 349, 352, wherein the court held that "A purchasing commission, charged for the handling of merchandise, is not a proper part of dutiable value."

It is further stipulated and agreed that on the date of exportation of the merchandise involved in the case listed in the annexed schedule, identified on the invoices with "xx" in green ink and the initials T. A. McC. of Examiner Timothy A. McCarthy, articles such and similar thereto were freely offered for sale and sold to all purchasers in the principal markets of the country of exportation in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States at the *per se* unit invoice prices, plus 3½ per centum social assessments for insurance, vacation, and holiday costs, plus packing, as invoiced, and that there was no higher foreign value.

As to all other items, the appeal is abandoned.

It is further stipulated and agreed that the record in *United States* v. *S. S. Kresge Co. et al.*, 26 C. C. P. A. 349, 352, be incorporated herein and that the said appeal to reappraisement is submitted on this stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise represented on the invoice by the items marked "xx" in green ink and the initials T. A. McC. of Examiner Timothy A. McCarthy, and that such values are the *per se* unit invoice prices, plus 3½ per centum social assessments for insurance, vacation, and holiday costs, plus packing, as invoiced.

The appeal having been abandoned insofar as it relates to all other merchandise, to that extent the appeal is hereby dismissed.

Judgment will be rendered accordingly.

## F. W. WOOLWORTH CO. v. UNITED STATES

**No. 6109.**—Invoices dated Sonneberg, Germany, September 9, 1939.
Certified September 12, 1939.
Entered at Boston, Mass., September 30, 1939.
Entry No. 3615/2.

(Decided March 1, 1945)

*Sharretts & Hillis* (*Edward P. Sharretts* of counsel) for the plaintiff.

*Paul P. Rao,* Assistant Attorney General (*Daniel I. Auster,* special attorney), for the defendant.

OLIVER, Presiding Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated by and between counsel for the respective parties hereto. subject to the approval of the court, that the facts and circumstances relating to the item of 10 per centum commission in the case listed in the annexed schedule, identified on the invoice with "xx" in green ink and the initials T. A. McC. of Examiner Timothy A. McCarthy, are in all material respects the same as the facts and circumstances relating to the item of 10 per centum commission specified in the invoices relating to glass tree ornaments, novelties, and figures covered by reappraisements 113038–A, 113040–A, and 113468–A of the F. W. Woolworth Co. and passed upon by the United States Court of Customs and Patent Appeals in *United States* v. *S. S. Kresge Co., B. Shackman & Co., Rice & Co. Corp., Strauss-Eckardt Co., Inc., F. W. Woolworth Co.,* 26 C. C. P. A. 349, 352, wherein the court held that "A purchasing commission, charged for the handling of merchandise, is not a proper part of dutiable value."

It is further stipulated and agreed that on the date of exportation of the merchandise involved in the case listed in the annexed schedule, identified on the invoices with "xx" in green ink and the initials T. A. McC. of Examiner Timothy A. McCarthy, articles such and similar thereto were freely offered for sale and sold to all purchasers in the principal markets of the country of exportation in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States at the *per se* unit invoice prices, plus 3½ per centum social assessments for insurance, vacation, and holiday costs, plus packing, as invoiced, and that there was no higher foreign value.

As to all other items, the appeal is abandoned.

It is further stipulated and agreed that the record in *United States* v. *S. S. Kresge Co. et al.,* 26 C. C. P. A. 349, 352, be incorporated herein and that the said appeal to reappraisement is submitted on this stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise represented on the invoice by the items marked "xx" in green ink and the initials T. A. McC. of Examiner Timothy A. McCarthy, and that such values are the *per se* unit invoice prices, plus 3½ per centum social assessments for insurance, vacation, and holiday costs, plus packing, as invoiced.

The appeal having been abandoned insofar as it relates to all other merchandise, to that extent the appeal is hereby dismissed.

Judgment will be rendered accordingly.